UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUBEN CUEVAS,                )
      Petitioner,         )
                          )    Civil Action No. 10-40261-NMG
    v.                       )
                          )
JEFFREY GRONDOLSKY, WARDEN   )
OF FMC DEVENS,               )
      Respondent.         )

## MEMORANDUM AND ORDER

GORTON, D.J.

### BACKGROUND

On December 30, 2010, Petitioner Ruben Cuevas ("Cuevas"), a prisoner in custody at FMC Devens in Ayer, Massachusetts, filed a self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a Memorandum in support. Cuevas, a citizen of the Republic of Colombia, challenges the validity of his conviction and sentence on drug charges arising out of the United States District Court for the Middle District of Florida (Tampa Division).

The relevant background is as follows. On December 13, 2001, Cuevas was arrested in the Republic of Colombia based on a First Superseding Indictment filed in the United States District Court for the Middle District of Florida. He was later extradited to the United States from the Republic of Colombia. Thereafter, on December 11, 2003, Cuevas entered a guilty plea on a Second Superseding Indictment.[1] He was sentenced to 252 months

---

[1] Cuevas pled guilty to conspiracy to import five kilograms or more of cocaine into the United States, and conspiracy to possess with intent to distribute five kilograms or more of cocaine.

imprisonment on April 21, 2004.  See United States  v. Ruben Cuevas, Case No. 8:98-cr-154-T-24TGW.  Cuevas appealed the sentence to the United States Court of Appeals for the Eleventh Circuit.  That appeal was dismissed in June 2005, on the grounds that Cuevas's plea agreement included a waiver of his right to appeal.  Thereafter, in 2006, Cuevas filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  See id.; Cuevas v. United States, Civil Case No. 8:06-cv-1126-T-24TGW.  That § 2255 motion, filed by Cuevas's counsel, included, among a number of grounds, an argument that his criminal defense counsel was ineffective because he failed to raise objections to the use of evidence and/or predicate acts in support of the drug quantity identified in the Indictment and Plea Agreement.  Cuevas asserted the use of such evidence violated the Extradition Treaty between the United States and the Republic of Colombia.  Specifically, he argued that no crimes or evidence of crimes committed before 1997 could be used against an extradited Colombian defendant.  See Exh. E, Section 2255 Motion (Docket No. 2-5 at 11).

After two amended motions were filed, the § 2255 motion was denied in its entirety on November 27, 2006, after a finding by the Court that Cuevas failed to meet his burden with respect to his ineffective assistance of counsel claims.  See Cuevas v. United States, 2006 WL 3408180 (M.D. Fla. 2006).  On September 30, 2009, Cuevas filed another motion to vacate under § 2255,[2] which was denied on November 10, 2009 because the motion was time-barred, and because he had failed to seek prior authorization from the United States Court of Appeals to file a second or successive § 2255 motion.  See Cuevas v. United States, 2009 WL 3763036

---

[2]See Cuevas v. United States, Civil Case No. 8:09-cv-02009-SCB-TGW (United States District Court, Middle District of Florida (Tampa)).

(M.D. Fla. 2009).

In the instant § 2241 petition, Cuevas raises two grounds for relief. First, he contends that the criminal Judgment was null and void because the Second Superseding Indictment charged him with acts committed prior to December 16, 1997, in violation of the Extradition Treaty between the United States and the Republic of Colombia (Article 508 and 512).[3] Second, Cuevas contends that he was denied due process when the sentencing court failed to address his extradition claim on the merits, despite the Government's failure to address it and notwithstanding that the § 2255 motion was time-barred.

Cuevas argues that although he previously has filed motions under 28 U.S.C. § 2255, he nevertheless may bring this action in this Court pursuant to the "savings clause" of § 2255, in order to seek habeas relief under 28 U.S.C. § 2241 because, he contends, he is being held in violation of federal law and because § 2255 is an inadequate and ineffective remedy to challenge his continued detention. In the body of the petition, Petitioner seeks appointment of counsel pursuant to 18 U.S.C. § 3006A, as well as a Order directing the United States to

---

[3] Cuevas contends that the Colombia Supreme Court's Order for Extradition granted the United States's extradition request because the charges that were disclosed did not carry penalties inconsistent with the Code of Procedure in Colombia. Cuevas contends, however, that the United States charged him with two additional charges that were not included in the Extradition Order. Cuevas further claims that under Article 3 of Resolution 29 (of March 2003), an extradited citizen may not be tried or convicted for any prior act other than disclosed in the extradition request, in accordance with Article 512 of the Penal Procedural Code. Cuevas asserts that the Second Superseding Indictment charges offenses in violation of the Extradition Treaty and subjected him to an additional penalty under 21 U.S.C. § 960(b)(1)(B)(ii), which was not authorized by the Colombia Court. Attached to Cuevas's Memorandum is a letter dated February 8, 2008 from the Colombian Consulate in New York (Consulado General De Colombia) to Honorable Judge Bucklew, with respect to Cuevas's Extradition. That letter parallels Cuevas's recitation of Resolution 29, and asks for the Court's attention in the matter.

provide him with a certified translation, in English, of the Treaty and the Colombian Supreme Court's Order and the Second Superseding Indictment.[4]

Cuevas failed to pay the $5.00 filing fee or file a Motion for Leave to Proceed *in forma pauperis*.

## DISCUSSION

A.  The Filing Fee

A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 cases.[5]

Here, Cuevas failed to pay the filing fee or seek a waiver thereof, and the failure satisfy the filing fee requirements of this Court subjects this action to dismissal; however, this Court need not afford Cuevas an opportunity to resolve the filing fee issue because this action is being dismissed *sua sponte*, for the reasons set forth below.

B.  Screening of the Habeas Petition

---

[4] Cuevas submitted these documents as attachments to his Memorandum (Docket No. 2), however, the documents are in Spanish.

[5] The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.

Although this petition was brought pursuant to Section 2241 of Title 28 and not pursuant to Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 proceedings; Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994).

Similarly, under 28 U.S.C. § 2243, if "it appears from the application [for a writ of habeas corpus] that the applicant ... is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted." 28 U.S.C. § 2243; see Marmol, 855 F. Supp. at 446.

Although the instant petition is entitled to a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that *pro se* litigants are entitled to liberal construction of their

pleadings), the petition must be dismissed *sua sponte* because it plainly appears from the face of the petition that petitioner is not entitled to § 2241 habeas relief in this district court.

C.  The Savings Clause of Section 2255 is Not Applicable to Permit a Section 2241 Habeas Petition in This Case

A prisoner seeking to collaterally attack his enhanced sentence must assert his claim primarily through a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 before the sentencing court rather than a § 2241 habeas petition in the district in which he is incarcerated.[6] United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); Rogers v. United States, 180 F.3d 349, 357 n.15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

In this case, it is clear that § 2255 relief is not available to Cuevas, as his two prior attempts at such relief have been unavailing. He is, no doubt, aware that this avenue of relief is foreclosed to him, and now seeks to assert another challenge to his sentence through a

---

[6]While both provisions of § 2241 and § 2255 authorize challenges to the legality of Cuevas's continued federal custody, "[i]t is well established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (comparing § 2241 and § 2254 habeas challenges), citing Edmond v. United States, 520 U.S. 651, 657 (1997); Preiser v. Rodriguez, 411 U.S. 475, 488-489 (1973). The rationale behind this is that under general circumstances, the use of a § 2241 petition rather than a § 2255 motion would serve to circumvent Congress's intent to restrict the availability of second and successive petitions. Coady, 251 F.3d at 484-485. Moreover, § 2255 gives the court more flexibility in fashioning a remedy than a habeas writ. In Re Hanserd, 123 F.3d 922, 925 (6th Cir. 1997). Another consideration is that "...inter-district comity and practicality suggest that the original sentencing court is better positioned to reevaluate a federal prisoner's conviction and sentence." In Re Hansferd, 123 F.3d at 925.

§ 2241 habeas petition under the aegis of the "savings clause" of § 2255. The savings clause states, in relevant part:

> An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

28 U.S.C. § 2255(e).

Cuevas's attempt to obtain § 2241 relief that he could not otherwise obtain under § 2255 is to no avail. It is well settled that a petitioner like Cuevas, who has exhausted his § 2255 avenues, cannot use the "savings clause" to circumvent the restrictions of § 2255 (such as the restriction on filing second and successive motions absent permission of the appellate court, or the time restrictions on filing) by filing a motion under § 2241 instead. See Barrett, 178 F.3d at 50-52 (permitting a petitioner to evade the restrictions of § 2255 by resorting to § 2241 would render those restrictions meaningless); Cannon v. United States, 2007 WL 1437704, at *3 (D. R.I. 2007).

Under the facts and circumstances underlying this case, this Court does not find that Cuevas has put forth any exceptional circumstances in this case and that there will be a complete miscarriage of justice should habeas relief not be granted. Cuevas has presented no circumstances from which this Court could reasonably conclude that § 2255 is an inadequate or ineffective remedy to test the legality of his detention, particularly where: (1) he has made prior attempts for relief from his conviction sentence; (2) his claims for relief are matters that already were raised in his § 2255 case (in whole or in part, directly or indirectly), or that

7

otherwise presented matters which could have been raised in his earlier collateral attacks; and (3) he presents no claim of actual (factual) innocence.[7] See Glacken v. Dickhaut, 585 F.3d 547, 550 (1st Cir. 2009) ("The default may be excused only if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or else demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice" and noting that the miscarriage of justice exception is a "'narrow exception to the cause and prejudice imperative seldom to be used, and explicitly tied to a showing of actual innocence.'" quoting Burks v. Dubois, 55 F.3d 712 (1st Cir.1995)). Additionally, the cases cited by Cuevas in his brief do not support his position; he has misplaced applications of law

---

[7]Although the United States Court of Appeals for the First Circuit has not fully defined all of the circumstances that might allow a federal prisoner to utilize § 2241 to challenge his detention, the savings clause is to be narrowly interpreted and is very limited in scope. It may only be invoked on rare occasions and under the most exceptional circumstances. See Barrett, 178 F.3d at 38 (explaining that a federal prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651"), cert. denied, 528 U.S. 1176 (2000). The limited purpose of the savings clause is to allow a petitioner to make a claim based on "actual innocence" (*i.e.* factual innocence) that would otherwise be barred by § 2255, or where a circuit court's meaning of a statute has been overruled by the Supreme Court. See Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999)*;* In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)*;* Jaramillo v. Winn, 2002 WL 1424579 (D. Mass. 2002). See also Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000) (the savings clause has most often been used where a Supreme Court decision has overruled the circuit courts as to the meaning of a statute, and the prisoner asserts he is not guilty within the new meaning of the statute); Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (savings clause applies to claims based on a retroactively applicable Supreme Court decisions which establish petitioner may have been convicted of a nonexistent offense and to claims foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (savings clause does not apply merely because § 2255 relief has already been denied... or because petitioner has been denied permission to file a second or successive § 2255 motion ... or because a second or successive § 2255 motion has been dismissed ... or because the one year statute of limitations expired).

in this regard or else he cites to cases materially distinguishable from the facts and circumstances in this case.[8] Indeed, case law that is more analogous to the instant case indicates the courts' declination to find the savings clause applicable to collateral attacks to alleged extradition violations under § 2241. See, e.g., Dockery v. Warden, U.S. Penitentiary, Pollock, 2008 WL 5581993 (W.D. La. 2008) (discussing failure to seek proper remedy to enforce rights under Austrian Treaty); Moreno v. Warden, Eden Detention Center, 2008 WL 3382815 (N.D. Tex. 2008) (rejecting application of the savings clause in a § 2241 action where petitioner challenged his conviction on the ground that his guilty plea was unconstitutionally defective as a result of errors in his extradition proceedings and alleged that the court overlooked violations of international law and United States statutes in connection with his extradition from the Dominican Republic); Morrison v. Lappin, 2006 WL 3545138 (N.D. Ohio 2006) (rejecting application of savings clause in a § 2241 action where petitioner challenged his conviction alleging violations of the "specialty doctrine" of international law, (prohibiting the prosecution of an extraditee for an offense other than the one for which surrender was made)); Quezadaruiz v. Nash, 2005 WL 1398506 (D.N.J. 2005) (rejecting

---

[8]The cases upon which Cuevas relies have dealt with, *inter alia*, challenges to an extradition order (pre-conviction and sentencing), challenges to prison disciplinary sanctions under § 2241 (where there is no challenge to the underlying criminal judgment), state prisoner challenges to extradition (where the petitioner failed to exhaust state remedies), challenges to a United States judicial officer's certification of extraditability, and challenges to the jurisdiction of the military court. None of these hold that a petitioner may circumvent the limitations of § 2255 to bring a challenge under § 2241 to challenge alleged violations to extradition post-conviction and sentence.

application of savings clause in a § 2241 action where petitioner alleged violations of the extradition agreement providing that he was only required to serve that portion of a sentence which was based on the charges that formed the basis of his extradition and which did not punish or penalize him for any past offense).

Finally, the Court has considered Cuevas's February 8, 2008 letter from the Colombian Consulate in New York to Honorable Judge Bucklew dated February 8, 2008 with respect to Cuevas's Extradition. In light of the litigation history, however, the Court finds that this letter adds nothing to the mix in considering whether this Court has jurisdiction under § 2241 to grant habeas relief, where the matter is, in legal effect, a § 2255 motion "masquerading" as a § 2241 habeas petition. In any event, the Consulate letter evidences that these extradition issues arose for Cuevas at least as of 2008 or earlier, and thus the filing of this action almost three years later does not support a finding that exceptional circumstances exist at this time that would trigger application of the savings clause of § 2255.

Without belaboring the point, this Court, for the reasons stated herein, finds that habeas relief under § 2241 is not authorized via the savings clause of § 2255. Accordingly, Cuevas's § 2241 petition for writ of habeas corpus will be <u>DENIED</u> and this action will be <u>DISMISSED</u>.

D.  <u>The Motion for Appointment of Counsel and Other Relief</u>

In view of the above, this Court finds it is not in the interests of justice to appoint counsel under 18 U.S.C. § 3006A, and therefore Cuevas's request for appointment of counsel under the Criminal Justice Act will be <u>DENIED</u>. Additionally, Cuevas's request for other

10

non-habeas relief (certified copies of pleadings translated into English) will be <u>DENIED</u>.

<u>CONCLUSION</u>

Based on the foregoing, it is hereby Ordered that Cuevas's request for habeas relief under 28 U.S.C. § 2241 is <u>DENIED</u> and this action is <u>DISMISSED</u> in its entirety. Petitioner's request for appointment of counsel and for other non-habeas relief (certified copies of pleadings translated into English) are <u>DENIED</u>.

A separate Order for Dismissal shall enter.

SO ORDERED.

/s/ Nathaniel M. Gorton<br>
NATHANIEL M. GORTON<br>
UNITED STATES DISTRICT JUDGE

DATED: January 11, 2011